UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WARREN N. LIEBERFARB,

        Plaintiff,

    v.

MOD SYSTEMS INCORPORATED,

        Defendant.

CASE NO. C08-1246-JCC

ORDER

This matter comes before the Court on Plaintiff's 12(b)(6) Motion for Dismissal of Defendant's Consumer Protection Act Counterclaim (Dkt. No. 26), Defendant's Opposition (Dkt. No. 27), and Plaintiff's Reply (Dkt. No. 29). For the reasons discussed herein, Plaintiff's motion is GRANTED.

**I.   BACKGROUND**

On November 16, 2006, MOD Systems ("Defendant") entered into an "Amended and Restated Consulting Agreement" with Plaintiff, paying Plaintiff $200,000 pursuant to the agreement's terms in September 2007. (Am. Compl. ¶¶ 15, 18 (Dkt. No. 7 at 3).) In March 2008, Plaintiff stopped serving on Defendant's board of directors (*id.* ¶ 33) and sued Defendant in August 2008 for breach of contract (Compl. ¶ 14 (Dkt. No. 1)). In January 2009, Defendant counterclaimed for, amongst other things, violation of Washington's Consumer Protection Act ("CPA"), WASH. REV. CODE §§ 19.86.010–.920, alleging the following:

ORDER - 1

59. From the time it entered into the Amended Consulting Agreement with Mr. Lieberfarb, MOD Systems acted in good faith and fully complied with the letter and spirit of all terms of the Amended Consulting Agreement. This included providing substantial financial and other resources to Mr. Lieberfarb, including paying Mr. Lieberfarb over $200,000 for services and granting stock options. MOD's payments to Mr. Lieberfarb were based on Mr. Lieberfarb's representations that he had knowledge, expertise, and relationships in the digital audio and video media business, that he would conduct business in the best interests of MOD Systems, consistent with his duties of good faith, care, and loyalty to MOD Systems, and that he would comply with the implied and express obligations arising out of the Amended Consulting Agreement.

60. It is now clear that Mr. Lieberfarb's representations were false, and were false at the time they were made. MOD Systems first conclusively learned in March 2008 that Mr. Lieberfarb violated his duties to MOD Systems and was planning to obtain control of MOD Systems or sell MOD Systems' confidential technology, business plan, and other assets in furtherance of his self-dealing and to the detriment of MOD Systems and its shareholders. As an example . . . and without limitation to the numerous breaches of Mr. Lieberfarb's contractual, statutory, and common law duties to MOD Systems, Mr. Lieberfarb met and conferred with Apollo Capital Management, and used and disclosed MOD Systems' confidential and proprietary information without an enforceable non-disclosure agreement or other measure in place to protect MOD Systems against loss, damage or diminution of value of MOD Systems' property.

61. Rather than providing the services described in the Amended Consulting Agreement, and serving on MOD Systems' board of directors under the duties of utmost care and loyalty, Mr. Lieberfarb developed a strategy to compete with MOD Systems and to use MOD Systems' trade in competition with MOD for his own profit. . . .

. . . .

103. Mr. Lieberfarb's acts complained of herein constitute unfair competition under [Washington Revised Code section] 19.86.020 and the laws of the state of Washington.

104. Mr. Lieberfarb has been unjustly enriched and has damaged MOD Systems' business, reputation and goodwill.

105. Upon information and belief, Mr. Lieberfarb's acts complained of herein were intentional, wanton, willful and committed in bad faith with the intent to confuse and deceive the public.

(Answer (Dkt. No. 24 at 10–11, 19).) Plaintiff brings this motion to dismiss Defendant's

ORDER - 2

1  CPA claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Mot. 1 (Dkt. No.
2  26).)

## II. STANDARD OF REVIEW

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must indicate more than mere speculation of a right to relief. *See id.* When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. A complaint may be lacking for one of two reasons: (1) absence of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on Plaintiff's motion to dismiss under Rule 12(b)(6), the Court assumes the truth of Defendant's allegations and draws all reasonable inferences in Defendant's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

## III. DISCUSSION

Plaintiff moves to dismiss Defendant's CPA counterclaim for failure to state a claim. (Mot. 1–2 (Dkt. No. 26).) The CPA provides a private right of action for a "person who is injured in his or her business or property" by "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." WASH. REV. CODE §§ 19.86.020, .090. To allege a claim pursuant to the CPA, a plaintiff must show "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). Defendant has failed to state a claim under the CPA

because it cannot establish the third of these elements: public interest impact.

Ordinarily, a breach of a private contract that only affects the contract's parties is not an act or practice that affects the public interest and is not actionable under the CPA. *Id.* at 538. Although difficult, proving that the public has an interest in a private dispute is not impossible if the complaining party can demonstrate that other members of the public have been or will be injured in exactly the same fashion. *Id.* In determining whether Defendant's private dispute with Plaintiff rises to this level, the Court consider four factors, none of which is dispositive: (1) whether Plaintiff was acting in the course of his business, (2) whether Plaintiff advertised to the general public, (3) whether Plaintiff actively solicited Defendant, indicating potential solicitation of others, and (4) whether the parties had unequal bargaining positions. *See id.* at 538, 539–40.

Even accepting Defendant's allegations as true, the Court finds that Defendant has not pleaded sufficient facts to link Plaintiff's alleged acts to a public interest impact. Defendant argues that it has sufficiently pleaded a public interest impact because Plaintiff's representations occurred in the course of his business and were made to other members of the public "with the intent to confuse and deceive the public." (Resp. 8 (Dkt. No. 27).) Defendant has not alleged, however, that Plaintiff advertized to the general public, that Plaintiff actively solicited Defendant, or that Plaintiff had a superior bargaining position to Defendant. *See Hangman Ridge*, 719 P.2d at 538; *see also Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1234 (9th Cir. 2005) (seller's alleged breach of timber contract did not impact the public interest when seller did not engage in active solicitation or public advertising and parties did not occupy unequal bargaining positions). Defendant provides no supporting case law for its conclusory statement that "a breach of a director's duty of a publicly-held company certainly affects the public interest." (Resp. 8 (Dkt. No. 27).) Although Defendant alleges that Plaintiff met and conferred with a capital management

ORDER - 4

company (Answer ¶ 60 (Dkt. No. 24 at 11)), Defendant has not alleged facts sufficient to infer that members of the public are at risk of being injured by Plaintiff stealing company secrets so he can set up a competing business. *See Hangman Ridge*, 719 P.2d at 538 ("[I]t is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest."); *see also Buffets, Inc. v. Klinke*, 73 F.3d 965, 970 (9th Cir. 1996) (holding that although a former employee's alleged theft of a buffet restaurant chain's recipes and employee manuals to copy and give to a competing buffet restaurant was unethical, the conduct did not suggest that additional plaintiffs would be injured in exactly the same fashion); *Segal Co. (E. States), Inc. v. Amazon.com*, 280 F. Supp. 2d 1229, 1234 (W.D. Wash. 2003) (company's private solicitation of consultant and subsequent breach of consulting contract did not implicate public interest). In short, Defendant has not alleged sufficient facts to suggest that its private dispute with Plaintiff is covered by the CPA.

## IV. CONCLUSION

Because Defendant fails to state a CPA claim upon which relief can be granted, the Court GRANTS Plaintiff's motion (Dkt. No. 26), and Defendant's CPA counterclaim is hereby DISMISSED.

DATED this 2nd day of April, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE